FILED

JUL 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



NEHEMIAH KONG,

                Plaintiff-Appellant,

   v.

SHAMSI SHIRAZI-FARD, in individual
and representative capacity as trustee of the
Shamsi-Fard Trust dated February 25, 1977;
MICHAEL CHRISTOFORAKIS,

                Defendants-Appellees,

and

VESTAKIS, VESTAKIS AND
CHRISTOFORAKIS, a General Partnership;
DOES, 1-10,

                Defendants.

No. 19-55465

D.C. No.
2:18-cv-02933-JFW-FFM
Central District of California,
Los Angeles

ORDER

Before:  OWENS and BADE, Circuit Judges, and MOSKOWITZ,[*] District Judge.

     The Court construes Appellees' motion for reconsideration (Docket Entry

No. 38) as a petition for panel rehearing under Fed. R. App. P. 40.  The petition is

GRANTED.  The Court will issue an amended memorandum disposition.  No

further action is required from the parties.

_____

     [*]     The Honorable Barry Ted Moskowitz, United States District Judge for the
Southern District of California, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEHEMIAH KONG,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>SHAMSI SHIRAZI-FARD, in individual and representative capacity as trustee of the Shamsi-Fard Trust dated February 25, 1977; MICHAEL CHRISTOFORAKIS,<br><br>        Defendants-Appellees,<br><br>and<br><br>VESTAKIS, VESTAKIS AND CHRISTOFORAKIS, a General Partnership; DOES, 1-10,<br><br>        Defendants. | No.   19-55465<br><br>D.C. No.<br>2:18-CV-02933-JFW-FFM<br><br><br>AMENDED MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted May 4, 2020**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: OWENS and BADE, Circuit Judges, and MOSKOWITZ,*** District Judge.

Nehemiah Kong, an individual with a disability, sued Appellees Shamsi Shirazi-Fard and Michael Christoforakis under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, alleging twenty-one architectural features at the restaurant Mike's Classic Burgers ("Mike's") that rendered Mike's inaccessible for a disabled person. Architectural standards for public accommodations like Mike's are set forth in the ADA Standards for Accessible Design, 28 C.F.R. pt. 36, app. D; 36 C.F.R. pt. 1191, apps. B, D; 28 C.F.R. § 36.104. As an "existing facilit[y]," Mike's must comply with these standards to the extent that they are "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304(a). Appellees remedied nearly every ADA-noncompliant feature identified in Kong's complaint. This appeal concerns the remaining one: Mike's front entrance.

Mike's has two public entrances: one in the front and one on the west side of the building. Kong's complaint identified with specificity how each entrance was deficient under the ADA. Second Amended Complaint ¶¶ 21c, o–q. But after Appellees brought the side entrance into compliance, they moved for summary judgment, arguing that Kong had only sought a means of entering the restaurant,

---

*** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

not two accessible entrances. The district court agreed and reasoned that Kong's complaint did not give Appellees fair notice that he wanted both entrances ADA-compliant. The court entered summary judgment for Appellees and against Kong. It also declined supplemental jurisdiction over Kong's companion state law claim for violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.* Kong appeals these rulings. We vacate and remand for proceedings consistent with this disposition.

We review *de novo* a district court's order on summary judgment and its determination of whether a complaint provides fair notice. *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 966, 968 (9th Cir. 2006) (citations omitted). The decision to decline supplemental jurisdiction is reviewed for abuse of discretion. *Binder v. Gillespie*, 184 F.3d 1059, 1066 (9th Cir. 1999).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citation omitted). A heightened pleading standard may be imposed only by legislative directive, not by judicial interpretation. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002). The Federal Rules of Civil Procedure do not impose a heightened pleading standard for ADA cases and no Ninth Circuit opinion may be

read to do so.

Kong provided specific "disclosures of barriers in a properly pleaded complaint" and thus gave Appellees fair notice under Rule 8. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011). Though "[s]pecific facts are not necessary," *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 841 (9th Cir. 2007) (per curiam) (citation omitted), Kong's complaint details every inadequacy in the two entrances with precise measurements. This meets the requirement to identify "the allegedly non-compliant architectural features at the facility." *Oliver*, 654 F.3d at 908 (citing *Pickern*, 457 F.3d at 968). Kong did not plead ADA violations hypothetically, *Pickern*, 457 F.3d at 968–69, nor did he raise a wholly new legal theory at summary judgment, *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Instead, his claim was transparent and remained consistent: the front entrance was ADA-noncompliant and needed to be remedied. Kong did not lead the Appellees or the district court into believing that he was only seeking one accessible entrance. For example, in paragraph 22 of the Second Amended Complaint, Kong stated that he "seeks to have all ADA violations related to his disability removed so that he enjoys full and equal access at Mike's Classic Burgers." Appellees had fair notice of this claim. The district court erred in concluding otherwise.

Appellees ask us to affirm summary judgment on the alternative ground that

4

one accessible public entrance at Mike's is sufficient under the ADA Standards. We cannot do so. It is true that not every feature of a facility must be accessible. But the 2010 ADA Standards set forth the proper accessibility ratios for a number of common features. For public entrances, that ratio is 60 percent. 36 C.F.R. pt. 1191, app. C, F206.4.1; 36 C.F.R. pt. 1191, app. B, § 206.4.1. While 60 percent of two entrances is not a whole number, the Department of Justice has issued guidance indicating that public accommodations with only two entrances must make both of them accessible. U.S. DEP'T OF JUSTICE, GUIDANCE ON THE 2010 ADA STANDARDS FOR ACCESSIBLE DESIGN 82–83 (2010). Appellees are not protected by the safe harbor provision, 28 C.F.R. § 36.406(a), because Mike's public entrances were not in compliance with the 1991 ADA Standards by the applicable compliance date. Even though Mike's was built before the passage of the ADA and was not altered until this lawsuit, Mike's must make both of its entrances accessible if it would be "readily achievable" to do so. 42 U.S.C. § 12182(b)(2)(A)(iv).

Because Kong's federal ADA claim remains, we also vacate the district court's order declining to exercise supplemental jurisdiction over the parallel California Unruh Act claim.

**VACATED AND REMANDED. COSTS AWARDED TO APPELLANT.**